Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5165 | **DATE** | 4/17/2012 |
| **CASE TITLE** | Jeremy O'Brien vs. Joseph Sroka et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the defendants' motion to quash [65] is denied. Plaintiff Jeremy O'Brien may proceed with depositions of Robert Piscia and Robert Krause at a time agreed upon by the parties. Each side shall bear its own costs. The schedule set previously [60] remains in effect.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Jeremy O'Brien brought a complaint against five Village of Frankfort police officers alleging under 42 U.S.C. § 1983 that the officers used excessive force and failed to intervene during O'Brien's arrest on April 30, 2009. (Dkt. No. 40.) The defendants now seek to depose Robert Piscia, the police chief at the time of the incident, and Robert Krause, the commander in the police department, because they have knowledge "regarding observation of the defendants, and the policies and procedures of the Frankfort Police Department." (Dkt. No. 65, Ex. C, at 2.) The defendants now move to quash the subpoenas of Piscia and Krause (Dkt. No. 65), contending that their testimony is not relevant.

The defendants contend, correctly, that evidence regarding non-compliance with department regulations is irrelevant to measure the reasonableness of an officer's conduct under the Fourth Amendment and § 1983. *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). O'Brien responds, however, that he does not wish to depose Piscia and Krause about the defendants' disciplinary infractions for the purpose of measuring reasonableness, but instead for the purpose of identifying prior wrong acts that may show the defendants' motive, intent, plan, or opportunity. *See* Fed. R. Evid. 404(b); *Wilson v. City of Chi.*, 6 F.3d 1233, 1238 (7th Cir. 1993) (holding that trial judge erred by excluding evidence of officers' use of excessive force nine days prior to the incident in question, which was admissible to show "intent, opportunity, preparation, and plan").

Although it is not obvious at this point whether Piscia and Krause have any information about prior disciplinary infractions or other bad acts that will be admissible, the depositions are permissible if the testimony is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). There is evidence here that Piscia and Krause were in charge of handling complaints against and performing reviews of the defendant officers. (Dkt. No. 70, Ex. H, at 24-25, 41; Dkt. No. 70, Ex. I, at 43-44.) Therefore, it is reasonable to calculate that they would have information related to the past performance of the officers that will be admissible.

| STATEMENT |
|---|
| The defendants contend that they have already turned over the defendant officers' personnel files, and that Piscia and Krause can add nothing to the information contained therein. Although that may be true, there is no way to ascertain that fact without deposing Piscia and Krause. Accordingly, the defendants' motion to quash (Dkt. No. 65) is denied. O'Brien may proceed with depositions of Piscia and Krause at a time agreed upon by the parties. Each side shall bear its own costs.<br><br>*James F. Holderman* |